IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION
1:23-cv-00211-CCE-JEP

**Wakita Doriety**,
as the Administrator for the
Estate of Nasanto Antonio Crenshaw

Plaintiff,

v.

**Matthew Lewis Sletten,**
in his individual capacity; and
**City of Greensboro, North Carolina**,

  Defendants
_____/

<u>**COMPLAINT FOR DAMAGES**</u>

**42 U.S.C § 1983 - EXCESSIVE
FORCE IN VIOLATION OF THE
FOURTH AMENDMENT;
ASSAULT AND BATTERY; AND
WRONGFUL DEATH**

<u>FIRST AMENDED COMPLAINT FOR DAMAGES</u>

COMES NOW Plaintiff Wakita Doriety, as the Administrator for the Estate

of Nasanto Antonio Crenshaw (hereinafter "Plaintiff"), by and through the

undersigned attorneys, and hereby files this amended complaint pursuant to Rule 15

of the FRCP for damages against Defendant Matthew Lewis Sletten (hereinafter

"Defendant"), in his individual capacity, and the City of Greensboro, North Carolina.

<u>INTRODUCTION</u>

*"The use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable. It is not better that all felony suspects die than that they escape. Where the suspect poses no immediate threat to the officer and no threat to others, the harm resulting from failing to apprehend him does not justify the use of deadly force to do so. It is no doubt unfortunate when a suspect who is in sight escapes, but the fact that the police arrive a little late or are a little slower afoot does not always justify killing the suspect. A police officer may not seize an unarmed, non-dangerous suspect by shooting him dead."*

- Justice Byron White, Tennessee vs Garner, 471 U.S. 1 (1985)

On August 21, 2022, Nasanto Antonio Crenshaw, a 17-year-old black teenager, was gunned down by Defendant Sletten, a police officer for the City of Greensboro, North Carolina. At the time Nasanto Antonio Crenshaw was shot by Defendant Sletten, Nasanto Antonio Crenshaw was unarmed and posing no threat to Defendant Sletten or others.


Nasanto Antonio Crenshaw

Plaintiff brings federal constitutional claims against Defendant Sletten, in his individual capacity, for committing acts under color of law that deprived Nasanto Antonio Crenshaw of his life and rights under the Constitution and the laws of the State of North Carolina by using unlawful and deadly force against Nasanto Antonio Crenshaw; whereby, Nasanto Antonio Crenshaw was unarmed and posing no threat to law enforcement or others. Further, the Plaintiff brings state law claims of Wrongful Death, Battery and Assault against City of Greensboro, North Carolina and Defendant Sletten.

## JURISDICTION AND VENUE

1.

This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 over Plaintiff's claims under the U.S. Constitution, which are brought both directly under 42 U.S.C. § 1983.

2.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy under Article III of the U.S. Constitution.

3.

This Court has personal jurisdiction over all Defendants as it relates to Plaintiff's state law claims. Further, Defendant the City of Greensboro, North Carolina waives its sovereign immunity defense by the purchase of liability insurance under N.C. Gen. Stat. § 160A-485.

4.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2). All of the events giving rise to this Complaint occurred within this District.

PARTIES

5.

At all times relevant hereto, Plaintiff Wakita Doriety, as the Administrator for the Estate of Nasanto Antonio Crenshaw, is the biological mother of the decedent Nasanto Antonio Crenshaw, and a citizen of the United States of America.

6.

At all times relevant hereto, Defendant Matthew Lewis Sletten was a citizen of the United States and a resident of the State of North Carolina and was acting under color of state law in his capacity as a law enforcement officer employed by the City of Greensboro, North Carolina. Defendant Sletten Doe is sued in his individual capacity.

7.

At all times material hereto, the City of Greensboro, North Carolina, a municipality, duly organized under the laws of the State of North Carolina.

## FACTUAL ALLEGATIONS
*Events That Occurred on August 21, 2022.*

8.

On August 21, 2022, at approximately 9:00 p.m., Matthew Sletten (hereinafter "Defendant Sletten") responded to a report of a stolen vehicle in the 4900 block of West Market Street. It was later determined that Nasanto Crenshaw was the driver of the said vehicle.

9.

Subsequently, Defendant Sletten located the vehicle and pursued the vehicle as it entered the Super G parking lot.

10.

Next, Nasanto's vehicle came to a stop and Defendant Sletten got out the patrol vehicle to approach Nasanto's vehicle. Subsequently, Nasanto immediately drove off travelling at a speed of three to five miles per hour. Upon driving off, Nasanto drove a short distance before turning down a dead-end section of the parking lot. Defendant Sletten followed in pursuit.

11.

Upon Defendant Sletten's arrival to the dead-end section of the parking lot, Defendant Sletten observed Nasanto attempting to make a three-point turn. Next, in an attempt to block in Nasanto's vehicle, Defendant Sletten parked his patrol vehicle within inches of Nasanto's vehicle at a 90-degree angle. At all times relevant, Nasanto's hands were visible on the steering wheel to Defendant Sletten.

12.

Next, in attempt to complete the three-point turn, Nasanto shifted the car into reverse and began to back into a parking spot causing the driver's side of his vehicle to swipe the front end of Defendant Sletten's patrol vehicle. Notably, Defendant Sletten was still seated inside of his patrol vehicle and at no time was he in any imminent threat of harm.

13.

Nasanto's vehicle came to a rest in a parking space. At no time was Defendant Sletten in any imminent threat of harm.

14.

Once Nasanto's vehicle came to a rest in the parking space. Defendant Sletten exited his patrol car and procced to the rear of his patrol car. Defendant Sletten gave commands to "get on the ground, get on the ground do it now."

15.

Next, Nasanto turned his wheels to the left as he proceeded out the parking space away from Defendant Sletten and Defendant Sletten's vehicle. At no time was Defendant Sletten in any imminent threat of harm.

16.

At that time, passengers jumped out the back seat of the car and ran behind Nasanto's vehicle crossing over West Market Street in the opposite direction of Defendant Sletten. The minor passenger seated in the front passenger seat remained in the vehicle with Nasanto.

17.

As Nasanto was attempting to elude Defendant Sletten, Defendant Sletten fired his weapon into the front windshield of Nasanto's moving vehicle. At the time that shot was fired Defendant Sletten was not in any imminent threat of harm from Nasanto or his moving vehicle. At no time was Defendant was not in the trajectory path of Nasanto's moving vehicle.

18.

As Nasanto's vehicle was passing Defendant Sletten at a low rate of speed, additional shots were fired into the passenger side window of Nasanto's vehicle. At no time was Defendant Sletten in any imminent threat of harm by Nasanto or Nasanto's moving vehicle.

19.

After Nasanto's vehicle passes Defendant Sletten, travelling no more than three to five miles per hour, the vehicle jumps the curb and came to a stop. Next, Defendant Sletten calls in "shots fired, shots fired." At this time, the front seat passenger exits the vehicle and is directed by Defendant Sletten to "get on the ground, do it now."

20.

Nasanto sustained gunshot wounds to his right forearm, right-side rib cage, and a gunshot wound to the right side of his neck as he drove away from Defendant Sletten.

21.

The bullets trajectory path was right to left. The trajectory of the bullets entering Nasanto's moving vehicle and entering Nasanto's body, is consistent with Defendant Sletten standing on the side of Nasanto's moving vehicle and not in the trajectory path of Nasanto's moving vehicle.

22.

In Williams v. Strickland, 917 F.3d 763 (4th Cir. 2019), the Fourth Circuit of United States Court of Appeals held that:

> Officers had violated the Fourth Amendment to the extent that they started to use deadly force, or continued to use deadly force, once the car had driven by them—i.e., once it was no longer reasonable      for

them to believe that the car was about to run them (or their fellow officers) over. This was true even though mere seconds separated the point at which deadly force was lawful from the point at which deadly force was unlawful. As we put it then, "force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated."

### 23.

The state of North Carolina is within the Fourth Circuit of United States Court of Appeals.

### 24.

As a result of being shot by Defendant Sletten multiple times, Nasanto died at the scene at 9:08 p.m. Nasanto was 17 years old at the time of his death.

### 25.

At all times relevant, Defendant Sletten, were acting under color of state law and scope of his employment as a law enforcement officer employed by City of Greensboro, North Carolina.

## CLAIMS FOR RELIEF FIRST CLAIM FOR RELIEF

42 U.S.C. § 1983 - Excessive Force in Violation of the Fourth Amendment
(Against Defendant Sletten)

### 26.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

27.

42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation,
> custom or usage of any state or territory or the District of Columbia
> subjects or causes to be subjected any citizen of the United States or
> other person within the jurisdiction thereof to the deprivation of any
> rights, privileges or immunities secured by the constitution and law
> shall be liable to the party injured in an action at law, suit in equity,
> or other appropriate proceeding for redress...

28.

Defendant Sletten is a person for purposes of 42 U.S.C. § 1983.

29.

Defendant Sletten, at all times relevant hereto, was acting under the color of

state law in his capacity as a police officer for the City of Greensboro, North

Carolina, and his acts or omissions were conducted within the scope of his official

duties or employment.

30.

At the time of the complained of events, Nasanto had a clearly established

constitutional right under the Fourth Amendment to be secure in his person from

unreasonable seizure through excessive force.

31.

Nasanto also had the clearly established Constitutional right under the Fourth Amendment to bodily integrity and to be free from excessive force by law enforcement.

32.

Any reasonable law enforcement officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

33.

Defendant Sletten's actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of Nasanto.

34.

Defendant Sletten's actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Nasanto's federally protected rights. The force used by Defendant Sletten shocks the conscience and violated the Fourth Amendment rights of Nasanto.

35.

Defendant Sletten unlawfully seized Nasanto by means of objectively unreasonable, excessive and conscious shocking physical force. The force used

was deadly force and did cause the death of Nasanto.

36.

Defendant Sletten engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Nasanto's protected constitutional rights.

37.

Defendant Sletten did so with shocking and willful indifference to Nasanto's rights and with conscious awareness that it could cause Nasanto severe bodily harm or death.

38.

The acts or omissions of Defendant Sletten were the moving forces behind Nasanto's death. The acts or omissions of Defendant Sletten as described herein intentionally deprived Nasanto of his constitutional rights and caused him other damages. Defendant Sletten is not entitled to qualified immunity for his actions.

39.

As a proximate result of Defendant Sletten's unlawful conduct, Nasanto was killed. As a further result of Defendant Sletten's unlawful conduct, Nasanto has incurred special damages, including medical expenses and other special damages related expenses, in amounts to be established at trial.

40.

On information and belief, Nasanto suffered lost future earnings and impaired earnings capacities from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial. The Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988, pre-judgment interest and costs as allowable by federal law. There may also be special damages for lien interests.

41.

In addition to compensatory, economic, consequential, and special damages, the Plaintiff is entitled to punitive damages against Defendant Sletten's under 42 U.S.C. § 1983, in that the actions of Defendant Sletten have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Nasanto.

SECOND CLAIM FOR RELIEF
(Assault and Battery) (All Defendants)

42.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

43.

Defendant Sletten pointed a firearm at Nasanto and unjustifiably used deadly force against Nasanto, such force was objectively excessive and unreasonable under the circumstances.

44.

Defendant Sletten's intentional acts as described more fully hereinabove, put Nasanto in actual, subjective apprehension of immediate harmful or offensive contact.

45.

Nasanto's apprehension was objectively reasonable under the circumstances in that a person of ordinary care and prudence under the same or similar circumstances would have believed that harmful, or offensive contact was about to occur.

46.

Defendant Sletten's actions against Nasanto were unreasonable and unlawful. At the time Nasanto was shot by Defendant Sletten, Nasanto did not pose any threat or harm to any law enforcement officers or others. Defendant Sletten acted with a depraved indifference to human life and conscious disregard for the safety of the general public, constituted an intentional unwelcome and unprivileged touching of Nasanto, and was undertaken in bad faith and with actual

malice.

47.

As a further direct and proximate result of the conduct described above, Nasanto died. Prior to his death Nasanto suffered loss of his liberty and freedom, bodily injury resulting in pain and suffering, mental anguish, and medical expenses for treatment and care. Nasanto did not consent to contact from Defendant Sletten.

48.

At the time of the complained incident, Defendant Sletten was acting within the scope of his employment with the City of Greensboro, North Carolina. At the time, when Defendant Sletten committed the acts described herein, he was acting within the course and scope of his employment with the City of Greensboro, North Carolina. As such, the City of Greensboro, North Carolina is liable for the intentional acts of Defendant Sletten. Therefore, the intentional acts of Defendant Sletten are imputed to City of Greensboro, North Carolina through the doctrines of agency, vicarious liability and respondeat superior.

## THIRD CLAIM FOR RELIEF
### (Wrongful Death/Intentional)
### (All Defendants)

49.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

50.

On August 21, 2022, Defendant Sletten was an employee and uniformed officer with the City of Greensboro, North Carolina, who committed a battery when he discharged his weapon to intentionally strike Nasanto that resulted in the untimely and unlawful death of Nasanto.

51.

The aforementioned act of discharging his weapon at Nasanto, was intentional and deliberate. Defendant Sletten's acts were carried out in bad faith and with malicious intent to harm Nasanto. As a direct and proximate result of their acts, Nasanto was killed.

52.

Defendant Sletten's negligent acts and omissions constitute proximate causes of the incident which resulted in injuries to and the death of Nasanto; which the Plaintiff on behalf of the Estate of Nasanto Antonio Crenshaw is entitled to

recover damages under the North Carolina Wrongful Death Statute, N.C. Gen. Stat. §28A-18-2, as more particularly described herein.

53.

At the time of the complained of incident, Defendant Sletten were acting within the scope of his employment with the City of Greensboro, North Carolina. At the time Defendant Sletten committed the acts described herein, he was acting within the course and scope of his employment with the City of Greensboro, North Carolina. As such, City of Greensboro, North Carolina is liable for the intentional acts of Defendant Sletten Therefore, the intentional acts of Defendant Sletten are imputed to the City of Greensboro, North Carolina through the doctrines of agency, vicarious liability and respondeat superior.

54.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages against Defendant Sletten;

3. Cost of suit;

4. The value of support and services the deceased person had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by the deceased
person;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased person;

7. The deceased person's estate may also recover certain types of damages. these include:

lost wages, benefits, and other earnings, including the value of lost earnings that the deceased person could reasonably have been expected to make if he or she had lived lost "prospective net accumulations" of the estate, or the value of earnings the estate could reasonably have been expected to collect if the deceased person had lived, and medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate.

## FOURTH CLAIM FOR RELIEF
(Wrongful Death Negligence/ Gross Negligence) (All Defendants)
(Plead in the Alternative Pursuant to Federal Rule of Civil Procedure 8(d)(2).)

55.

Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 25 of this Complaint.

56.

Defendant Sletten owed a duty to Nasanto and to the general public, to perform their duties in such a way as to avoid placing Nasanto and other members

of the public in unreasonable danger of serious injury or death. Furthermore, all Defendants owed a duty to ensure that Nasanto and other members of the public would be free from unreasonable searches and seizures and excessive force.

57.

Defendant Sletten breached their duty by shooting at Nasanto even though he posed no threat to Defendant Sletten or others.

58.

Specifically, Defendant Sletten fired his weapon at Nasanto, as Nasanto was passing Defendant Sletten at a low rate of speed, travelling no more than three to five miles per hour, and not posing a threat to Defendant Sletten or others.

59.

Defendant Sletten negligent acts and omissions constitute proximate causes of the incident which resulted in injuries to and the death of Nasanto which the Plaintiff on behalf of the Estate of Nasanto Antonio Crenshaw is entitled to recover damages under the North Carolina Wrongful Death Statute, N.C. Gen. Stat. §28A-18-2, as more particularly described herein.

60.

At the time of the complained incident, Defendant Sletten was acting within the scope of his employment with the City of Greensboro, North Carolina. At the time all Defendant Sletten committed the acts described herein, he was acting

within the course and scope of his employment and/or agency with the City of Greensboro, North Carolina. As such, the City of Greensboro, North Carolina is liable for the intentional acts of Defendant Sletten. Therefore, the negligent acts and omissions of Defendant Sletten are imputed to the City of Greensboro, North Carolina, through the doctrines of agency, vicarious liability and respondeat superior.

61.

WHEREFORE, Plaintiffs prays for the following relief:

1. Judgment for compensatory damages;

2. Judgment for exemplary or punitive damages against Defendant Sletten;

3. Cost of suit;

4. The value of support and services the deceased person had provided to the surviving family member;

5. Loss of companionship, guidance, and protection provided by the deceased person;

6. Mental and emotional pain and suffering due to the loss of a child, and medical or funeral expenses any surviving family member has paid for the deceased

    person;

7. The deceased person's estate may also recover certain types of

damages. these include:

lost wages, benefits, and other earnings, including the value of lost earnings that

the deceased person could reasonably have been expected to make if he or she had

lived lost "prospective net accumulations" of the estate, or the value of earnings the

estate could reasonably have been expected to collect if the deceased person had

lived, and medical and funeral expenses that were paid by the estate directly.

Such other relief as this Honorable Court may deem just and appropriate.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against

each of the Defendants and grant:

1. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determine by a jury;

2. economic losses on all claims allowed by law;

3. special damages in an amount to be determined at trial;

4. punitive damages on all claims allowed by law against Defendant Sletten in an amount to be determine by the jury;

5. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

6. pre- and post-judgment interest at the lawful rate; and,

7. any further relief that this court deems just and proper, and any other appropriate relief a law and equity.

PLAINTIFF REQUESTS A TRIAL BY JURY.

Respectfully submitted this 13th day of April 2023.

/s/Chimeaka L. White
Chimeaka L. White
The White Law Firm, PLLC.
2207 Eastchester Drive Suite
101 High Point, NC 27265
Tel. 336.884.7246
Fax. 336.884.7247
cw@justice4pain.com
NC Bar No.: 52455
Counsel for Plaintiff

/s/Harry M. Daniels
Harry M. Daniels
The Law Offices of Harry M. Daniels, LLC
4751 Best Rd. Suite 490
College Park, GA
30037 Tel.
678.664.8529
Fax. 800.867.5248
daniels@harrymdaniels.com
Georgia Bar No.: 234158

Special Appearance of counsel for
Plaintiff in the above captioned matter,
in accordance with Local Civil Rule 83.1(d)